**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LINDA CONSTRUCTION INC., LINDA McGEE and JESSE McGEE,** | |
| Plaintiffs, | Case No. 15 C 8714 |
| v. | Judge Harry D. Leinenweber |
| **CITY OF CHICAGO,** *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

On March 15, 2016, the Court granted Motions to Dismiss Plaintiffs' original six-count Complaint. (*See,* ECF No. 64). All claims brought by Plaintiffs Linda and Jesse McGee were dismissed without prejudice for lack of standing; Plaintiffs' claims under Section 1981 and Title VII were dismissed with prejudice; their claims under Sections 1983 and 1985(3), and for tortious interference with contract were dismissed without prejudice; and their breach of contract claim was dismissed with prejudice as to Defendant City of Chicago ("the City"), but without prejudice as to Defendants Republic Services, Inc. ("Republic") and Allied Waste Transportation, Inc. ("Allied"). Plaintiffs were granted leave to amend the Complaint within 14 days. On March 28, 2016, Plaintiffs filed the First Amended

Complaint (the "FAC"), in which they assert claims against some of the same, and some new, Defendants under Sections 1981, 1983, and 1985(3) and for breach of contract [ECF No. 65].

Before the Court are four Motions to Dismiss filed by Defendants Seng LLC and Kenneth Seng (collectively, "Seng"), the City and Chief Procurement Officer Jamie L. Rhee ("CPO Rhee") (collectively, "the City Defendants"), National Casualty Company ("NCC"), and Republic, Allied, Mark Riley and Brian Holcomb (collectively, "the Republic Defendants") [ECF Nos. 74, 82, 85 and 88]. Since the filing of these Motions, Plaintiffs have substituted counsel and voluntarily withdrawn their breach of contract claim. Thus, the Court limits its analysis in this opinion to the civil rights claims.

For the reasons stated herein, all claims brought by Linda and Jesse McGee are dismissed with prejudice for lack of standing; Plaintiffs' claims under Sections 1981 and 1985(3) are dismissed without prejudice; and their Section 1983 claim is dismissed without prejudice as to the City and CPO Rhee, but with prejudice as to the remaining Defendants.

## I. **ANALYSIS**

### A. Standing as to Linda and Jesse McGee

The Court previously dismissed the claims brought by Linda and Jesse McGee (the "McGees") for lack of standing because they were unable to allege an injury that affected their own legal

rights, rather than those of their company, Linda Construction, Inc. ("LCI"). *J.F. Shea Co. v. City of Chicago,* 992 F.2d 745, 749 (7th Cir. 1993). The McGees were given leave to amend the Complaint to state a personal stake in this matter. They have failed to do so.

The McGees are not party to any of the contracts in question. *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 477 (2006) (affirming dismissal of corporate officer's civil rights and common law claims for lack of standing because officer was not party to contract). The alleged discriminatory conduct was directed at them only in their position as owners of LCI, not personally. The only injury the McGees can point to is their loss of income and livelihood. This injury, which is entirely attributable to the McGees' status as the sole investors in LCI, is derivative of the company's injury. *Sw. Suburban Bd. of Realtors, Inc. v. Beverly Area Planning Ass'n,* 830 F.2d 1374, 1378 (7th Cir. 1987) (An individual may in fact suffer "some injury as a result of the alleged [conduct], presumably in the form of reduced salary, commissions, or other employment benefits due to the corporation's weakened competitive position," but such an injury is "merely derivative of the injury suffered by the corporation itself."). The McGees have failed to allege that they suffered an injury that is separate

and distinct from that suffered by LCI, therefore the Court dismisses with prejudice all claims brought by them.

## B. 42 U.S.C. § 1981

In its March 15, 2016 Opinion, the Court dismissed with prejudice Plaintiffs' Section 1981 claim based on Defendants' alleged interference with "the making of" a contract between LCI and the City. (ECF No. 64, at 10-11). A dismissal with prejudice operates as an adjudication upon the merits of a claim, and bars a later action. *Marlow v. Winston & Strawn,* 19 F.3d 300, 306 (7th Cir. 1994). It means "that the claim cannot be refiled in that court." *Styskal v. Weld Cty. Bd. of Cty. Comm'rs,* 365 F.3d 855, 859 (10th Cir. 2004) (internal quotation marks and citation omitted). At first blush, Plaintiffs' Section 1981 claim in the FAC appears to fly in the face of this well-established precedent. But upon closer examination, the FAC actually states a wholly separate Section 1981 claim based on an alleged three-year probationary contract between LCI and Republic.

Plaintiffs claim that LCI was hired by Republic for a three-year probationary period to haul garbage from city transfer stations to landfills; this is the contract upon which Plaintiffs base their new Section 1981 claim. Plaintiffs contend that this contract was terminated due to LCI's status as a minority-owned business and to ensure that LCI would not

satisfy its probationary period and therefore would not qualify to bid for city contracts. To be clear, the Court previously dismissed Plaintiffs' Section 1981 claim based on Defendants' alleged interference with LCI's ability to bid for city contracts. Thus, the Court only considers allegations in the FAC regarding Defendants' interference with the making or enforcement of LCI's three-year probationary contract.

To state a claim under 42 U.S.C. § 1981, Plaintiffs must allege that: (1) they are members of a racial or ethnic minority; (2) Defendants intended to discriminate against them on the basis of race or ethnicity; and (3) the discrimination concerned the making and enforcing of a contract. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 756 (7th Cir. 2006). Although Plaintiffs have pleaded the existence of (and interference with) a contract and established that they were members of a racial minority, the FAC contains only conclusory allegations that fail to create a plausible inference of intentional discrimination on the basis of race.

Allegations of race discrimination must be supported by material facts, not mere conclusions. *Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir. 1982). Plaintiffs cannot satisfy this burden simply by tacking "because of [Plaintiffs'] race" onto their allegations or by merely alleging that Defendants "treated [Plaintiffs] differently than whites, on the basis of racial

animus." Plaintiffs appear to allege that because they are black, Defendants' alleged conduct towards them was indisputably due to their race. But saying it is so does not make it so. Plaintiffs must connect the dots between the alleged cause (their race) and the alleged effect (the discriminatory conduct). The FAC fails to do so; Plaintiffs do not allege any *facts* to bolster the repeated conclusion that Defendants acted with racial animus. Therefore, Plaintiffs' Section 1981 claim is dismissed; because Plaintiffs' new counsel has requested one more chance to cure the defects in the Complaint, the Court grants Plaintiffs 14 days to amend the Complaint and provide factual support for the new Section 1981 claim. Failure to do so will result in dismissal with prejudice.

### C. 42 U.S.C. § 1983

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that "some person has deprived him of a federal right" and "that the person who has deprived him of the right acted under color of state . . . law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Like the original Complaint, the FAC does not contain facts to support Plaintiffs' claim that the City had a policy to discriminate against minority-owned contractors; nor have Plaintiffs pleaded with any specificity the existence of a widespread practice of discrimination against minority-owned businesses; and they fail to plead factual

support for their claim that CPO Rhee was a person with final policymaking authority for the City. *See, Moore v. Bd. of Educ. of City of Chgo,* 300 F.Supp.2d 641, 645 (N.D. Ill. 2004). Plaintiffs' empty allegations of discrimination based on race are insufficient for purposes of imposing liability on the City. Therefore, the Section 1983 claim against the City is dismissed.

Plaintiffs allege that CPO Rhee, acting under color of state law, deprived them of equal protection under the law in violation of the Fourteenth Amendment. It is without dispute that CPO Rhee was acting under the color of state law at all times relevant to the FAC. But Plaintiffs once again have failed to raise a plausible claim that CPO Rhee acted intentionally to discriminate against them on the basis of race. The FAC is devoid of a single fact from which the Court could conclude CPO Rhee acted with discriminatory intent. Therefore, the Court dismisses Plaintiffs' Section 1983 claim against CPO Rhee. Plaintiffs are granted 14 days to amend the Complaint and replead in a non-conclusory fashion the Section 1983 claims against the City and CPO Rhee; failure to amend or to provide factual support for these claims will result in dismissal with prejudice.

The FAC makes no allegation, and contains no facts from which the Court could infer, that the remaining Defendants were acting under color of state law when they committed the alleged

discriminatory conduct against Plaintiffs. *See, Sherwin Manor Nursing Ctr., Inc. v. McAuliffe,* 37 F.3d 1216, 1220 (7th Cir. 1994) (explaining that to state an equal protection claim, a Section 1983 plaintiff must allege that a state actor *or a person acting under the color of state law* purposefully discriminated against him because of his identification with a particular group). Nor can the Court conceive of a factual scenario in which there would be such a "close nexus between the State and the challenged action[s]" of these private-actor Defendants that their conduct "may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974) (defining action under color of state law). ,For this reason, the Court dismisses the Section 1983 claim with prejudice as to Seng LLC, Kenneth Seng, NCC, Republic, Allied, Mark Riley and Brian Holcomb.

### D.  42 U.S.C. § 1985(3)

To establish a *prima facie* case of civil conspiracy under Section 1985(3), Plaintiffs must show an express or implied agreement among Defendants to deprive Plaintiffs of their constitutional rights, and a deprivation of those rights in the form of an overt act in furtherance of the agreement. *Scherer v. Balkema,* 840 F.2d 437, 441 (7th Cir. 1988). Moreover, Plaintiffs must plead specific material facts that show the existence of the agreement, *see, Winterland Concessions Co. v.*

*Trela,* 735 F.2d 257, 262 (7th Cir. 1984), and must allege that, in entering the agreement, Defendants intended to discriminate against Plaintiffs and deprive them of their constitutional rights *because of* Plaintiffs' race, *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1983).

Plaintiffs allege that Defendants entered into an express and implied agreement to "obstruct[] LCI's operations" and that they took the actions described in the complaint "in an effort to prohibit LCI from becoming qualified to bid for the City contract." But Plaintiffs have failed to plead factual support for this allegation; they do not offer a single fact to support an inference that the City or CPO Rhee and the private-actor Defendants entered into such an agreement. *Cf. Hernandez v. Joliet Police Dep't,* 197 F.3d 256, 263 (7th Cir. 1999) (stating that an "agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence . . . to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives."). Nor have they alleged anything to suggest that the members of the purported conspiracy were aware of the existence of this plan. *See, Hoffman–LaRoche, Inc. v. Greenberg,* 447 F.2d 872, 875 (7th Cir. 1971) (A conspiracy requires a "single plan, the essential nature and scope of which is known to each person who is to be held responsible for its consequences."). In fact, the

pleadings offer very little to suggest that the various Defendants were even aware of, or associated with, one another, let alone that a meeting of the minds occurred.

What's more, Plaintiffs have not provided factual support for their allegation that the Defendants conspired against them *because of their race*. *See, Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir. 1982) ("To sufficiently state a cause of action [under Section 1985] the plaintiff must allege some facts that demonstrate that his race *was the reason for* the defendant's [action]." (emphasis added)). The body of the Complaint contains only conclusions that there was "racial animus against [LCI's] owners because they are African-American," that Defendants were obstructing LCI's operations "because it was a black-owned contractor," and that Defendants "participated in a scheme to ensure that no black-owned contractor [] qualified for the City contract." Plaintiffs fail to point to facts in support of these conclusions. The fact that Plaintiffs are black does not prove in and of itself that the alleged conduct against them was due to their race. Nothing in the Complaint suggests Defendants acted with the requisite racial animus.

Finally, as the Court noted in its earlier opinion, the Section 1985(3) claim against the City must be dismissed because Plaintiffs have not sufficiently alleged that an official custom, policy, or practice has caused their constitutional

injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiffs have failed to offer any support for their claim that the City had a policy to discriminate against minority-owned contractors; nor do they plead with any specificity the City's alleged widespread practice of discrimination against minority-owned businesses; and they have failed to plead factual support for their claim that CPO Rhee was a person with final policymaking authority for the City. Without such allegations, the City cannot be held liable under Section 1985(3).

Therefore, Plaintiffs' Section 1985(3) claim is dismissed without prejudice as to all Defendants. Plaintiffs may amend the Complaint within 14 days of the date of this opinion.

## II. SANCTIONS

As a final matter, the Court considers Seng's Amended Motion for Sanctions against Plaintiffs' prior counsel, Maurice James Salem ("Salem"), pursuant to Fed. R. Civ. P. 11 [ECF No. 76]. Seng argues that sanctions are appropriate because Salem filed the Amended Complaint for the improper purpose of litigating a version of the same claims arising out of the same facts and against the same parties as a case in Illinois state court. Seng claims the state case resulted in a judgment against LCI, and therefore *res judicata* prevents Plaintiffs from re-litigating the matter in federal court. This argument fails

for two reasons.  First, the Court has been made aware that the judgment upon which Seng relies was recently vacated; this completely knocks the bottom out of Seng's sanctions argument. Moreover, the state court judgment against Plaintiffs was a default judgment; thus, even if the Court were to rely on this recently-vacated judgment, it did not involve a determination on the merits of any of the issues presented in this case.  Thus, *res judicata* is inapplicable.  *Lee v. City of Peoria,* 685 F.2d 196, 198 (7th Cir. 1982) ("[R]es judicata bars . . . those issues which were actually decided in the prior action. . . .").

Seng argues, nonetheless, that the "allegations raised in Plaintiff's amended complaint are concerning the exact issue between the same parties as those in the State case."  But the Court is not convinced this is true.  The state case, brought by Seng against LCI, presents a detinue action to recover vehicles Seng leased to LCI, and a claim for breach of contract for LCI's failure to comply with the terms of the lease.  Although Plaintiffs' allegations in the present case include Seng's wrongful seizure of Plaintiffs' vehicle, this allegation is made in the context of a broader conspiracy claim.  Plaintiffs have not presented a breach of contract claim or a detinue action to recover the vehicle in question from Seng.  At this stage, it is hard to say that the two cases will result in resolution of

identical issues. In light of these circumstances, the Court denies Seng's Amended Motion for Sanctions.

### III. CONCLUSION

For the reasons stated herein, the four Motions to Dismiss filed by Seng, the City Defendants, NCC, and the Republic Defendants [ECF Nos. 73, 82, 85 and 88] are granted. The Court dismisses with prejudice all claims brought by Plaintiffs Linda and Jesse McGee for lack of standing. Plaintiffs' new Section 1981 claim based on their three-year probationary contract and their Section 1985(3) claim are dismissed with leave to amend within 14 days. Their Section 1983 claim as to the City and CPO Rhee is dismissed with leave to amend within 14 days, but is dismissed with prejudice as to Seng LLC, Kenneth Seng, NCC, Republic, Allied, Mark Riley and Brian Holcomb. Seng's Amended Motion for Sanctions [ECF No. 76] is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated: August 22, 2016